Argued and submitted March 4, affirmed August 7, 1985

In the Matter of the Compensation of
Willard Ellis, Claimant.

**ELLIS,**
*Petitioner,*

*v.*

**CASCADE WOOD PRODUCTS,**
*Respondent.*

(82-10518; CA A32967)

704 P2d 523

Donald M. Pinnock, Ashland, argued the cause for petitioner. With him on the brief were Davis, Ainsworth, Pinnock, Davis & Gilstrap, P.C., Ashland.

Keith D. Skelton, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

**WARDEN, J.**

In this review of an order of the Workers' Compensation Board, we agree with the Board that petitioner's continued chiropractic treatment is not related to his 1973 injury and, therefore, is not compensable.

Claimant fell at work in 1973 and sprained his back, causing him to miss two days' work. He and employer stipulated to an award of 15 percent unscheduled permanent partial disability. Since the injury, claimant, who lives in Ashland, has continued to receive chiropractic treatment, most recently from Dr. Scofield in Eugene, who uses the "Pettibon Method of Spinal Bio-Mechanics and Bio-Engineering." In 1983, the carrier denied responsibility for further treatment. The referee found the treatment to be related to the compensable injury. The Board reversed.

Although claimant has presented the report of a Medford rheumatologist that arthritis in the back is "rare" and that claimant's back problems are due to the injury, we agree with the Board that the contrary opinions and explanations are more persuasive. The medical evidence supports the conclusion that claimant's continued back pain is due to rheumatoid arthritis instead of the 1973 back sprain. Claimant has had arthritis since 1954, and it affected his back as early as 1959. An orthopedist, whom claimant saw on his own initiative, found that the back sprain should have healed three months after the injury and that the present symptoms probably were due to arthritis. That was confirmed by a Portland rheumatologist, the doctor for employer. Additionally, as employer points out, the chiropractor is now treating claimant for upper back problems that are not in the lumbosacral and thoracic areas that were involved in the original injury.[1]

Affirmed.

---

[1] Because we find that the treatments are not related to the injury and are not compensable, we do not reach the issue of reimbursement for claimant's expenses in traveling from Ashland to Eugene for the treatments. Our decision makes moot claimant's other assignments of error concerning attorney fees and penalties.